IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Clarence Miller,                                 ) | |
|                                                                Plaintiff,       ) | Civil Action No. 6:15-108-TMC-KFM |
| vs.                                              ) | **REPORT OF MAGISTRATE JUDGE** |
| Sgt. Kimberly Oliver, Dennis Patterson,          ) | |
| Warden Mr. Stevenson, and                        ) | |
| DHO Mr. Ernest Rowe,                             ) | |
|                                              Defendants.   ) | |

        This matter is before the court on the motion to dismiss of defendants Dennis Patterson and Robert Stevenson ("the moving defendants") (doc. 17). This is a civil rights action filed by a state prisoner proceeding *pro se*. Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

        In his complaint, the plaintiff named the following as defendants: Dennis Patterson, the Region 2 Operations Director for the South Carolina Department of Corrections ("SCDC"); Robert Stevenson, the Warden for the Broad River Correctional Institution ("Broad River"); Sgt. Kimberly Garvin (incorrectly identified by the plaintiff as Sgt. Kimberly Oliver); and Disciplinary Hearing Officer ("DHO") Ernest Rowe.

        On March 16, 2015, defendants Patterson and Stevenson filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (doc. 17). By order filed the same date, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the motion to dismiss procedure and the possible consequences if he failed to respond adequately. After receiving several extensions of time, the plaintiff filed his response to the motion to dismiss on July 23, 2015.

**FACTUAL ALLEGATIONS**

The plaintiff is currently incarcerated at Evans Correctional Institution. He alleges that while he was an inmate at Broad River, defendant Garvin, a corrections officer, used excessive force against him on March 24, 2013, when she sprayed him with chemical munitions (doc. 1 at 4-5). He further alleges that defendant DHO Rowe violated his rights to due process at his disciplinary hearing regarding the events of that date by not letting the plaintiff's witness testify and by allowing Garvin to change her statement in the incident report (*id.* at 5). The plaintiff was found guilty of threatening to inflict harm on/ assaulting an employee and/or member of the public (*id.*). The plaintiff filed a grievance regarding the disciplinary hearing (*id.*; doc. 1-2 at 1), which the Warden denied (doc. 1-2 at 2). The plaintiff states that he appealed to the Administrative Law Court, and on July 2, 2014, the SCDC overturned his disciplinary conviction and lifted all sanctions against him (doc. 1 at 5; doc. 1-2 at 14). The plaintiff alleges that Warden Stevenson ignored policy and allowed DHO Rowe to violate his rights (doc. 1 at 6). He further alleges that Operations Director Patterson violated his Eighth Amendment rights by "ignoring" his grievance and "denying" his Step 2 grievance (*id.*). The plaintiff states that he is suing each of the defendants in their individual and official capacities (*id.* at 3-4). The plaintiff seeks compensatory and punitive damages (*id.* at 7).

**APPLICABLE LAW AND ANALYSIS**

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint. *See Butler v. United States*, 702 F.3d 749, 752 (4th Cir. 2012). To survive such a motion, the complaint must contain facts sufficient "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must take all well-pled material allegations of the complaint as admitted and view them in the light most favorable

to the non-moving party. *De Sole v. U.S.*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

A court may consider "documents attached or incorporated into the complaint" without converting a motion to dismiss into a motion for summary judgment. *E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). Further, "when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'" *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir.1999)); *see also Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006) (stating that "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed") (citing *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co .*, 267 F.3d 30, 33 (1st Cir. 2001)).

***Eleventh Amendment***

The moving defendants contend that they are entitled to Eleventh Amendment immunity in their official capacities. The undersigned agrees. When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution. Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state. In the case *of Will v. Michigan Department of State Police*, 491 U.S. 58(1989), the Supreme Court analyzed the interplay between Section 1983 and the Eleventh Amendment of the Constitution and stated:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity or

> unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

*Id*. at 66 (citations omitted).

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments, and officials are entitled to Eleventh Amendment immunity. *Id*. at 70. In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself and, therefore, against the state. State officials may only be sued in their individual capacities.

The plaintiff argues that Eleventh Amendment immunity does not apply because the moving defendants "are generally responsible for the operation of the local prison and therefore serve as the final authority for the implementation of SCDC Policies and Procedures for inmates incarcerated within SCDC" (doc. 78 at 3). He further argues that the moving defendants violated the SCDC Disciplinary System Policy and intentionally violated his due process rights (*id.*).

Section 1983 makes "persons" acting under the color of law liable for Constitutional deprivations. *See* 42 U.S.C. § 1983. "Persons" includes local governments whose officials commit constitutional torts "according to municipal policy, practice, or custom." *Weiner v. San Diego Cnty.*, 210 F.3d 1025, 1028 (9th Cir.2000). However, "persons" does not include "the State and arms of the State," which receive sovereign immunity from the Eleventh Amendment, as discussed above. *Howlett v. Rose*, 496 U.S. 356, 365 (1990). Since the SCDC is an arm of the state, and not a political subdivision or municipality, theories of municipal liability discussed in *Monell v. Dep't of Social Serv.*, 436 U.S. 658 (1978) (holding that compensatory damages and equitable relief may be awarded against a municipality under § 1983 when the violation can be attributable to the enforcement of a municipal policy or practice) and *City of Canton v. Harris*, 489 U.S. 378 (1989), i.e., failure to train or supervise, have no application here. Specifically, the "Court's

holding in *Monell* was limited to local government units [that] are not considered part of the State for Eleventh Amendment purposes ...." *Quern v. Jordan*, 440 U.S. 332, 338 (1979) (internal citations and quotation marks omitted).

Based upon the foregoing, the moving defendants are entitled to Eleventh Amendment immunity from monetary damages in their official capacities.

***Respondeat Superior***

The moving defendants argue that the plaintiff has failed to allege that they are personally responsible for any of the alleged incidents described in his complaint (doc. 17 at 5). The undersigned agrees. In response to the motion for summary judgment, the plaintiff claims that the defendants "directly participated in the violation" of his constitutional rights and they "should have known (or did know)" that his rights were being violated because he filed Step 1 and Step 2 grievances regarding his disciplinary hearing (doc. 78 at 4). He claims that the moving defendants "learned of the violation of [his] rights" through the grievances and "failed to do anything to fix the situation" (*id.* at 5). Specifically, he claims defendant Warden Stevenson "ignore[d] policy and process and allowed D.H.O. . . . Rowe [to violate his] due process right" by not letting the plaintiff's witness testify or present evidence at the disciplinary hearing (*id.* at 6). He further claims that defendant Patterson violated his constitutional rights "by ignoring the prison grievance" and by denying his Step 2 grievance (*id.*).

To the extent the plaintiff alleges that defendants Stevenson and Patterson are liable under a theory of *respondeat superior* for the actions of other SCDC employees, that doctrine is generally inapplicable to Section 1983 claims. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a *respondeat superior* theory of liability.") (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)); *Vinnedge v. Gibbs*, 550 F.2d 926, 928–29 (4th Cir. 1977) (doctrine of *respondeat superior* has no application under § 1983).

In order to proceed on a supervisory liability theory, the plaintiff must show: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged

5

in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). In *Randall v. Prince George's County*, the Fourth Circuit concluded that, "[u]nder the first prong of *Shaw*, the conduct engaged in by the supervisor's subordinates must be 'pervasive,' meaning that the 'conduct is widespread, or at least has been used on several different occasions.'" 302 F.3d 188, 206 (4th Cir. 2002) (quoting *Shaw*, 13 F.3d at 799). Furthermore, in establishing deliberate indifference under *Shaw's* second prong, a plaintiff "[o]rdinarily ... cannot satisfy his burden of proof by pointing to a single incident or isolated incidents ... for a supervisor cannot be expected ... to guard against the deliberate criminal acts of his properly trained employees when he has no basis upon which to anticipate the misconduct." *Id*. (quoting *Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984)).

"The plaintiff's mere allegation that these defendants knew of grievances does not establish supervisory liability. Mere awareness of a complaint is not sufficient to show 'knowledge that a subordinate was engaging in conduct that posed a pervasive and unreasonable risk of constitutional injury,' which is the first prong of the supervisory liability standard." *Koon v. Ozmint*, C.A. No. 8:06-2000-RBH, 2007 WL 1486067, at *6 (quoting *Shaw*, 13 F.3d at 799 and citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999) (holding prison officials cannot be held liable under § 1983 for failing to respond to grievances that alert them of unconstitutional actions) and *Shelly v. Johnson*, 684 F.Supp. 941, 946 (W.D.Mich.1987)(holding that merely bringing problem to attention of supervisory official is not sufficient to impose liability)). *See Shell v. Greenwood Cty. Det. Ctr.*, C.A. No. 8:06-905-MBS, 2007 WL 510117, at *3 (D.S.C. Feb. 13, 2007) ("Plaintiff's contention that the administration's knowledge of his grievance establishes supervisory liability is also implausible."). Here, assuming the allegations in the plaintiff's complaint are true, he has not alleged facts that would impose supervisory liability on the moving defendants.

Furthermore, to the extent the plaintiff claims that the moving defendants violated his constitutional rights by ignoring and/or denying his grievances, inmates do not have a constitutionally protected right to a grievance procedure within the prison system under the First Amendment, the Due Process Clause, or any other statute. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994) (finding "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."). Further, while the plaintiff alleges that the defendants violated the SCDC's grievance policy, the violation of such policies also does not constitute a violation of the plaintiff's constitutional rights. *See Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C.1992) (§ 1983 guarantees a person's constitutional rights against violation by state actors; it does not provide relief from violations of prison rules); *Johnson v. S.C. Dep't of Corr.*, C.A. No. 06-2062-CMC-JRM, 2007 WL 904826, at *12 (D.S.C. Mar. 21, 2007) ("Even assuming that Defendants violated SCDC grievance procedures, such actions do not state a claim which is actionable under § 1983.") (citation omitted).

Based upon the foregoing, the plaintiff has failed to state a claim to relief under Section 1983 that is plausible on its face against defendants Patterson and Stevenson. *See Twombly*, 550 U.S. at 555, 570.

***Qualified Immunity***

The moving defendants further argue that they are entitled to qualified immunity. Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, qualified immunity is lost if an official violates a constitutional or statutory right of a plaintiff that was clearly established at the time of the alleged violation such that an objectively reasonable official in the official's position would have known of the right. *Id*.

To determine whether qualified immunity applies, a district court must determine a plaintiff has alleged the deprivation of an actual constitutional right at all and

whether the particular right was clearly established at the time of the alleged violation. *See Tolan v. Cotton*, 134 S.Ct. 1861, 1865-66 (2014) (*per curiam*); and *Wilson v. Layne*, 526 U.S. 603, 609 (1999). "The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Here, as discussed above, the plaintiff's allegations, taken as true, fail to state a claim that the moving defendants violated his constitutional rights. Therefore, the undersigned finds they are entitled to qualified immunity in their individual capacities.

## **CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, the undersigned recommends that the motion to dismiss defendants Patterson and Stevenson (doc. 17) be granted.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

August 6, 2015
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4$_{th}$ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).