IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Clarence Miller, | ) | |
| | ) | Civil Action No. 6:15-108-TMC-KFM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Sgt. Kimberly Oliver, Dennis Patterson, | ) | |
| Warden Mr. Stevenson, and | ) | |
| DHO Mr. Ernest Rowe, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Clarence Miller, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civ. Rule 73.02, DSC, this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the motion to dismiss filed by Defendants, Dennis Patterson, and Robert Stevenson (ECF No. 17) be granted. (ECF No. 89). Plaintiff was advised of his right to file objections to the Report. (ECF No. 89 at 9). Plaintiff has filed objections. (ECF No. 123).

The magistrate judge makes only a recommendation to the court. The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *Id*.

The Report recommended dismissing claims for monetary damages against Defendants in their official capacities because they are entitled to immunity under the Eleventh Amendment.

1

(ECF No. 89 at 3–5). The Report also found that Plaintiff failed to introduce evidence to support a theory of respondeat superior against Defendants. (ECF No. 89 at 5–6). The Report recommended dismissal of Plaintiff's claims based on Defendants ignoring or denying his grievances because those claims are not based on constitutional violations. (ECF No. 89 at 7). And finally, the Report recommended dismissal of Defendants because they are entitled to qualified immunity. (ECF No. 89 at 7–8).

Plaintiff has filed objections to the Report. In his objections, Plaintiff claims that Defendant Stevenson is liable for "ignor[ing] policy and allowing DHO Ernest Rowe to violate [his] right[s]." (ECF No. 123 at 1). Plaintiff asserts that Defendant Patterson "violated [his] Eighth Amendment right[s] by ignoring his grievance and denying [his] Step 2 grievance." (ECF No. 123 at 2–3).

Plaintiff contends that Defendants are not entitled to Eleventh Amendment Immunity. (ECF No. 123 at 2). Plaintiff appears to argue that he is seeking monetary damages against Defendants in their individual capacities, not in their official capacities. (ECF No. 123 at 2). This objection is unspecific to the Eleventh Amendment immunity discussion of the Report, and does not address whether Defendants are entitled to Eleventh Amendment immunity for an award of monetary damages in their official capacities. As discussed in the well-written Report, Defendants are entitled to Eleventh Amendment immunity to the extent that Plaintiff seeks monetary damages against them in their official capacities.

Plaintiff next objects to the portion of the Report that discusses respondeat superior. (ECF No. 123 at 3–5). Plaintiff claims that Defendants "are generally responsible for the operation of the local prison and therefore serve as the final authority for the implementation of SCDC policies and procedures for inmate incarcerated within SCDC." (ECF No. 123 at 4).

2

Plaintiff further asserts that "supervisory staff may still be liable upon a showing of deliberate indifference to their subordinates use of force."  (ECF No. 123 at 5).  As discussed by the magistrate judge, "Section 1983 will not support a claim based on a respondeat superior theory of liability."  *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (citation omitted).  To proceed on a theory of supervisor liability, Plaintiff must show:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a "pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices[]; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks and citations omitted).  To meet his burden on the first element,

> plaintiff must show the following: (1) the supervisor's knowledge of (2) conduct engaged in by a subordinate (3) where the conduct poses a pervasive and unreasonable risk of constitutional injury to the plaintiff.  Establishing a "pervasive" and "unreasonable" risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury.

*Id.* (citing *Slaken v. Porter*, 737 F.2d 368, 373–74 (4th Cir. 1984)).  Plaintiff has failed to introduce any evidence to satisfy the elements of supervisor liability, such as a widespread practice.

Plaintiff next asserts that Defendants individually violated his constitutional rights by ignoring his grievances.  (ECF No. 123 at 4, 6).  However, as discussed by the magistrate judge, "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."  *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (citations omitted).  Likewise, Plaintiff's assertion that Defendants violated prison rules "fails, as the failure of prison officials to follow their own policies or procedures, standing alone, does not

3

amount to a constitutional violation." *Johnson v. S.C. Dep't of Corr.*, No. 3:06-2062-CMC, 2007 WL 904826, at *12 (D.S.C. Mar. 21, 2007); *see also Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990) ("If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue.").

Therefore, after a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report (ECF No. 89) and incorporates it herein.  It is therefore **ORDERED** that the motion to dismiss filed by Defendants, Dennis Patterson and Robert Stevenson, (ECF No. 17) is **GRANTED** and said Defendants are hereby **DISMISSED** from Plaintiff's action.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

October 8, 2015
Anderson, South Carolina