IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Clarence Miller, ) | |
| ) | Civil Action No. 6:15-108-TMC-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Sgt. Kimberly Garvin and ) | |
| DHO Mr. Ernest Rowe, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the defendants' first motion for summary judgment (doc. 80), motion to dismiss for failure to comply with discovery order and for lack of prosecution (doc. 102) and second motion for summary judgment (doc. 105). This is a civil rights action filed by a state prisoner proceeding *pro se*. Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

In his complaint, the plaintiff named the following defendants: Dennis Patterson, the Region 2 Operations Director for the South Carolina Department of Corrections ("SCDC"); Robert Stevenson, the Warden for the Broad River Correctional Institution ("Broad River"); Sgt. Kimberly Garvin (incorrectly identified by the plaintiff as Sgt. Kimberly Oliver); and Disciplinary Hearing Officer ("DHO") Ernest Rowe. As will be discussed below, only defendants Garvin and Rowe remain in the case.

On March 16, 2015, defendants Patterson and Stevenson filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (doc. 17). On July 21, 2015, the defendants filed a second motion for extension of time to file dispositive motions (doc. 76). On July 23, 2015, after receiving several extensions of time, the plaintiff filed his response in opposition (doc. 78) to the motion to dismiss. On July 30, 2015, the defendants filed a motion for summary judgment (doc. 80) in an abundance of caution while their

second motion for extension of time and the motion to dismiss of defendants Patterson and Stevenson were pending. The undersigned on July 30, 2015, issued a *Roseboro* order (doc. 82) to apprise the plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond to the motion.  On July 31, 2015, the undersigned granted the defendants' second motion for extension of time to file dispositive motions (doc. 84).  On August 6, 2015, the undersigned issued a report and recommendation that the motion to dismiss of defendants Patterson and Stevenson be granted (doc. 89).

On September 1, 2015, the defendants filed a motion to dismiss for failure to comply with discovery order and for lack of prosecution (doc. 102).  The undersigned on September 2, 2015, issued a *Roseboro* order (doc. 103) to apprise the plaintiff of the motion to dismiss procedure and the possible consequences if he failed to respond to the motion. On September 4, 2015, the defendants filed a motion for summary judgment along with a memorandum and supporting affidavits (doc. 105). Another *Roseboro* order was issued on that same date to apprise the plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond to the motion (doc. 107). On October 8, 2015, the district court adopted this court's recommendation and dismissed defendants Patterson and Stevenson (doc. 128).  When the plaintiff failed to timely respond to the motions to dismiss and for summary judgment, the undersigned issued an order (doc. 135) on November 4, 2015, giving the plaintiff until November 24, 2015, to file his responses and once again advising him of the consequences if he failed to timely respond. The plaintiff filed his response in opposition to the motion to dismiss for lack of prosecution on November 30, 2015 (doc. 138). He also requested an extension of time to file his response to the motion for summary judgment, which was granted in part through December 14, 2015 (doc. 142).  The plaintiff failed to file any response to the motions for summary judgment.

**FACTUAL ALLEGATIONS**

The plaintiff is currently incarcerated at Evans Correctional Institution. He alleges that while he was an inmate at Broad River, defendant Garvin, a corrections officer, used excessive force against him on March 24, 2013, when she sprayed him with chemical munitions (doc. 1 at 4-5). He further alleges that defendant DHO Rowe violated his rights to due process at his disciplinary hearing regarding the events of that date by not letting the plaintiff's witness testify and by allowing Garvin to change her statement in the incident report (*id.* at 5). The plaintiff was found guilty of threatening to inflict harm on/ assaulting an employee and/or member of the public (*id.*). The plaintiff filed a grievance regarding the disciplinary hearing (*id.*; doc. 1-2 at 1), which the Warden denied (doc. 1-2 at 2). The plaintiff states that he appealed to the Administrative Law Court, and on July 2, 2014, the SCDC overturned his disciplinary conviction and lifted all sanctions against him (doc. 1 at 5; doc. 1-2 at 14). The plaintiff states that he is suing each of the defendants in their individual and official capacities (*id.* at 3-4), and he seeks compensatory and punitive damages (*id.* at 7).

**APPLICABLE LAW AND ANALYSIS**

*Motion to Dismiss*

On June 22, 2015, the defendants moved, pursuant to Federal Rule of Civil Procedure 30(a)(2)(B) for leave to depose the plaintiff via oral examination. On July 10, 2015, the undersigned granted the motion (doc. 71). On August 18, 2015, defense counsel sent a copy of the plaintiff's notice of deposition along with the order to the plaintiff in preparation for his upcoming deposition (doc. 102-1). Subsequently, on August 28, 2015, defense counsel and a court reporter traveled to Evans Correctional Institution to depose the plaintiff. Upon their arrival, the plaintiff acknowledged receipt of the notice of deposition and the court's order for the same, but he refused to be placed under oath or to answer questions, stating that "[t]he only way I'll respond to your questions is inside a court of law by a judge sitting here" (doc. 102-2 at 7).

The defendants argue in their motion to dismiss that the plaintiff's case should be dismissed based on the plaintiff's failure to comply with a discovery order of this court and failure to prosecute his case. The undersigned agrees. Federal Rule of Civil Procedure 37(b)(2)(A) governs the appropriate sanctions for failure to obey a discovery order, stating in pertinent part: "If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders . . . dismissing the action or proceeding in whole or in part; . . . ." Fed. R. Civ. P. 37(b)(2)(A). Rule 37(d) provides that a party's failure, after being served with proper notice, to attend his own deposition may be sanctioned by the court as provided in Rule 37(b)(2)(A). *Id.* 37(d)(3). Similarly, Rule 41(b) provides that a complaint may be dismissed for failure to prosecute and/or failure to comply with orders of the court. *Id.* 41(b). *See Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).

Because Rule 37 provides district courts with wide discretion to impose sanctions for a party's failure to comply with its discovery orders, the Fourth Circuit has set out a four-part test for determining when to dismiss an action for failure to comply with a discovery order. *See Mut. Fed. Sav. and Loan Ass'n v. Richards & Assocs. Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). Specifically, a court should consider, "(1) whether the non-complying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Id*. "Such an evaluation will ensure that not only the most flagrant cases, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal . . ." *Id*. "In such cases, not only does the noncomplying party jeopardize his or her adversary's case by such indifference, but to ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct." *Id*. (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

4

In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors: (1) the degree of the plaintiff's responsibility in failing to respond; (2) the amount of prejudice to the defendant caused by the delay; (3) the history of the plaintiff in proceeding in a dilatory manner; and (4) the effectiveness of less drastic sanctions other than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (citation omitted). "Courts have held that because the standard for dismissals under Fed. R. Civ. P. 37 is virtually identical to that for dismissal for failure to prosecute under Fed. R. Civ. P. 41, 'the court can combine its analysis of the question of whether dismissal is appropriate under' both Rules." *Woods v. Wells Fargo Bank, N.A.*, C.A. No. 3:10-3160-SVH, 2012 WL 601872, at *3 (D.S.C. 2012) (citation omitted).

As argued by the defendants, analysis of the above factors demonstrates that this matter should be dismissed. As an initial matter, it is of no significance that the plaintiff is proceeding *pro se* in this matter, as *pro se* litigants are subject to the same requirements as other litigants. *See Ballard*, 882 F.2d at 96 (stating that *pro se* litigants are subject to the same respect for court orders as other litigants). Turning to the factors established by the Fourth Circuit, it is clear the plaintiff bears complete responsibility for refusing to appear for his deposition. He appears to have acted in bad faith as he has ignored court orders, failed to answer questions at his deposition, and has provided no reasonable basis for failing to do so. In his response in opposition to the motion to dismiss (doc. 138 at 1-4), the plaintiff disputes the defendants' argument that the "[p]laintiff's statement on the record that Judge McDonald's Order could not force him to testify also demonstrates a 'callous disregard' for this court's order" (doc. 102 at 4). The plaintiff notes that there is no such statement in the transcript of the Certificate of Non-Appearance of Clarence Miller (doc. 138 at 1-4; *see* doc. 102-2). Nonetheless, the plaintiff acknowledged receipt of the court's order requiring his deposition and chose not comply with the order (doc. 102-2 at 6). The plaintiff's attempt to limit and deny the defendants the opportunity to depose him is an improper violation of the Federal Rules of Civil Procedure and prejudices the defendants, who have expended significant time, money, and resources in preparing for, traveling to, and attending the

5

plaintiff's deposition. Moreover, the plaintiff's conduct in refusing to appear for his deposition demonstrates a failure to prosecute his own action, which has impeded the defendants' ability to complete discovery and to prepare their defense in this action. Importantly, the plaintiff also failed to file any response to the defendants' pending motions for summary judgment, despite warnings in the *Roseboro* orders regarding the possible consequences if he failed to respond to the motions.  Given the volume of *pro se* inmate litigation, there is a need for deterrence of this sort of noncompliance, and there is no evidence that sanctions less drastic than dismissal would be appropriate in this case. Based upon the foregoing, the defendants' motion to dismiss pursuant to Rules 37 and 41 (doc. 102) should be granted.

***Motions for Summary Judgment***

As noted above, the defendants filed a motion for summary judgment out of an abundance of caution on July 30, 2015, during the pendency of their motion for extension of time to file dispositive motions and the motion to dismiss of defendants Patterson and Stevenson.  Those motions were later granted, and the defendants filed a second motion for summary judgment along with a memorandum and supporting affidavits. Accordingly, the first motion for summary judgment (doc. 80) should be considered moot. Moreover, should the district court adopt this court's recommendation and dismiss this action based on the plaintiff's failure to comply with the undersigned's discovery order and failure to prosecute his case, the second motion for summary judgment will be rendered moot.  Should the district court deny the motion to dismiss, the matter should thereafter be remanded to the undersigned for consideration of the second motion for summary judgment.

## **CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, the undersigned recommends that the district court grant the defendants' motion to dismiss for failure to comply with discovery order and for lack of prosecution (doc. 102).  It is further recommended that the district court find as moot the defendants' first motion for summary judgment (doc. 80).  Should the district court adopt

this court's recommendation, the second motion for summary judgment (doc. 105) will also be rendered moot.

        IT IS SO RECOMMENDED.

s/ Kevin F. McDonald<br>United States Magistrate Judge

January 27, 2016  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).