IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Clarence Miller, | ) | |
| | ) | Civil Action No. 6:15-108-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Sgt. Kimberly Garvin and | ) | |
| DHO Mr. Ernest Rowe, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Defendants' motion to dismiss for failure to comply with a discovery order and/or for lack of prosecution. (ECF No. 149).

The magistrate judge makes only a recommendation to the court. The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *Id.*

On February 12, 2016, Plaintiff filed a motion for an extension of time to file objections. (ECF No. 155). The court granted that motion, but Plaintiff has failed to file objections. (ECF No. 157). Out of an abundance of caution, the court will construe, as did the clerk of court, Plaintiff's motion to reconsider the court's prior order and a declaration as objections. (ECF

1

Nos. 151; 152). These filings are unspecific to the dispositive portions of the Report, and are in relation to a motion to reconsider the court's October 8, 2015 order. *See* (ECF Nos. 151; 152).

The court has thoroughly reviewed the procedural history of this case and the magistrate judge's Report. The magistrate judge recommends that the court grant Defendants' motion to dismiss for failure to comply with a discovery order pursuant to Fed. R. Civ. P. 37 and for failure to prosecute pursuant to Fed. R. Civ. P. 41. (ECF No. 149). The court considers four factors when determining whether to dismiss a case due a failure to comply with a discovery order:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Mut. Fed. Sav. & Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citation omitted). Application of these factors should lead to dismissal "where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules . . . ." *Id.* (citation omitted). When determining whether to dismiss a case for failure to prosecute pursuant to Fed. R. Civ. P. 41, the court considers four criteria:

> (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a "'drawn out history' of 'deliberately proceeding in a dilatory fashion;'" and (4) the effectiveness of sanctions less drastic than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (quoting *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Because the analysis is practically the same under each standard, courts typically merge both standards to determine whether to dismiss the case. *See Woods v. Wells Fargo Bank*, No. 3:10-3160-SVH, 2012 WL 601872, at *3 (D.S.C. Feb. 23, 2012) (citations omitted).

As outlined by the magistrate judge, Plaintiff has shown a callous disregard for the court's orders. On July 10, 2015, the magistrate judge issued an order directing Plaintiff to submit himself to a deposition. (ECF No. 71). The deposition was scheduled for Friday, August 28, 2015 at Evans Correctional Institution. (ECF No. 102-1 at 2). Defendants appeared at that deposition and paid for a court reporter to attend. (ECF No. 102-2). Plaintiff admitted to having received the court order for him to be deposed, and he attended the deposition but refused to comply or testify at all. (ECF No. 102-2). When asked by the court reporter to raise his right hand to take an oath, he said "no" and that he was refusing to go under oath. (ECF No. 102-2 at 4–6). Plaintiff informed Defendants that he is refusing to testify notwithstanding the court's order. (ECF No. 102-2 at 6).

In addition to refusing to comply with discovery, Plaintiff has refused to respond to the magistrate judge's *Roseboro* orders directing him to respond to Defendants' motions. On July 30, 2015, Defendants moved for summary judgment. (ECF No. 80). The magistrate judge issued a *Roseboro* order directing Plaintiff to respond within thirty-four days. (ECF No. 82). Plaintiff filed a motion for an extension of time to file a response, which was granted, but he never filed a response to the motion for summary judgment. (ECF Nos. 91 & 94).

This motion to dismiss was filed on September 1, 2015. (ECF No. 102). The magistrate judge issued a *Roseboro* order directing Plaintiff to respond within thirty-four days. (ECF No. 103). Plaintiff failed to respond to the motion to dismiss within thirty-four days. Defendants filed a second motion for summary judgment on September 4, 2015. (ECF No. 105). The magistrate judge issued a *Roseboro* order directing Plaintiff to respond within thirty-four days. (ECF No. 107). Plaintiff failed to file a response to the second motion for summary judgment. Because Plaintiff did not respond to the motions, the magistrate judge, on November 4, 2015,

issued an order warning Plaintiff that if he failed to file responses to the motions by November 24, 2015, the action would be subject to dismissal for failure to prosecute. (ECF No. 135). Plaintiff filed a response to the motion to dismiss and a motion for an extension of time to file a response to the motion for summary judgment. (ECF Nos. 138 & 140). The magistrate judge granted the motion for an extension of time, giving Plaintiff until December 14, 2015, to file his response to the motion for summary judgment. (ECF No. 142). Plaintiff did not file a response.

The court finds that Plaintiff has voluntarily failed to comply with the court's order, and in fact, has disregarded the order and the directions of the court on numerous occasions. Plaintiff's conduct has greatly prejudiced Defendants by having them waste time and expense in attending the deposition and by Plaintiff failing to respond to their motions. Plaintiff's dilatory conduct is not a one-time occurrence, but rather represents a pattern of behavior that needs to be deterred. The court finds that, given the many warnings Plaintiff has received in this case, no less-drastic remedy short of dismissal exists.

The court has thoroughly reviewed the Report and Plaintiff's objections, and finds no reason to deviate from the Report's recommended disposition. Based on the foregoing, the court adopts the Report (ECF No. 149) and incorporates it herein. Therefore, Defendant's motion to dismiss for failure to comply with discovery order and for lack of prosecution (ECF No. 102) is **GRANTED** pursuant to Federal Rule of Civil Procedure 41(b) and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989). Further, Defendants' motions for summary judgment (ECF Nos. 80 and 105) are **DENIED as moot**. Plaintiff's motion to compel (ECF No. 154) is **DENIED as moot**.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
Timothy M. Cain

                                                                       United States District Judge

March 7, 2016
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

      The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.